UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL NO. 16-38-DLB

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                         SENTENCING MEMORANDUM

JEFFREY W. HARNEY                                                     DEFENDANT

\* \* \* \* \*

The Defendant used his computer to download images of children being sexually molested and exploited on multiple occasions over a period of months. He obtained these images from a website not normally accessible to casual internet users. His criminal history is limited despite an arrest in 2003 that raises concern about the appropriateness of his behavior with minors. On balance, the sentencing factors support a sentence of 97 months imprisonment and ten years of supervised release.

**I. Objections to the presentence report:**

The United States is not aware of any objections at this time that affect the calculation of the advisory guideline range or the requested restitution amounts.

**II. Factual Circumstances:**

On January 28, 2016, the FBI executed a federal search warrant at the Defendant's residence. The warrant was based on an FBI tip that the Defendant had registered on a website located on an anonymous online network where individuals traded and accessed

child pornography.  This website was only accessible to individuals with specific knowledge as to its location and was not available through normal search engines.

Federal officials had previously seized the computer server hosting the website and pursuant to court order, monitored the electronic communications of users of the website, including the Defendant, from February 20, 2015 through March 4, 2015.  The Defendant's communications with the website during that time revealed that he registered as a user on the website and accessed content that depicts minors engaged in sexually explicit conduct on multiple occasions.

During the execution of the 2016 search warrant on the Defendant's residence, he admitted that he had used computer equipment in the residence to download child pornography from the internet.  The forensic examination of the Defendant's computer equipment showed that it contained 3,640 images (including 1,199 videos) of child pornography.  Many of the images were of identified child victims.  The forensic examination also confirmed that the Defendant engaged in the receipt of child pornography for several months.  He possessed sexually explicit images of prepubescent minors and images of child pornography portraying depictions of sadistic conduct.

The Court has received victim impact statements regarding several of the identified victims.  Even though they are a small sample of the victims in this case, they demonstrate the harm caused by the creation and continued circulation of child pornography as well as can be done within the limits of written expression.  Four of the victims have requested restitution.  Each request represents a small fraction of the losses suffered by the victim.

### III. <u>Sentencing Factor Analysis:</u>

The advisory guideline range in this case is 97-121 months. The Defendant's limited criminal history and acceptance of responsibility were factored into the calculation of that range. The Defendant's other personal characteristics and the nature of the offense do not support a downward variance. The Defendant is 53 years old and has extremely limited educational and vocational experience. He does not have strong family ties. The factors that often help inmates reform and make meaningful changes to their lives are almost completely absent here. Even though he has no countable criminal history, his 2003 conviction for attempted contributing to the delinquency of a minor raises legitimate issues about the appropriateness of a 37 year old man having two juveniles in his car after curfew without the permission of their parents.

The Defendant's willingness to invest an enormous amount of time in pursuit of sexual gratification through viewing images of child pornography speaks to an obsession that requires significant treatment and creates a substantial risk of recidivism. The forensic report summary pointed out that it would take more than 272 hours to view all of the videos of child pornography in the Defendant's collection. This factor weighs against a downward variance and supports the need for an extended period of supervised release to allow for continued treatment and behavioral restrictions. This will assist in protecting the public and maximize the Defendant's chance for rehabilitation.

Even though the Defendant did not distribute or produce these images, the continued use of them for sexual pleasure creates ongoing emotional distress on the part of the victims and the Defendant has contributed to that pain. "In a sense, every viewing

3

of child pornography is a repetition of the victim's abuse." *Paroline v. United States*, 572 U.S. 434, 457 (2014). "General deterrence is crucial in the child pornography context." *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010). The need for deterrence also weighs against a downward variance. Such a variance would also create an unwarranted sentencing disparity between similarly situated individuals.

## IV.  Restitution:

The Defendant agreed in his plea agreement that all victims of his relevant conduct who make claims for restitution prior to sentencing shall be considered victims under the Crime Victims' Rights Act and are entitled to restitution under 18 U.S.C. §§ 2259, 3663, and 3663A. As reported in paragraphs 86 through 89 of the Presentence Report, there are four requests for restitution.

Counsel for the victim known as "Sarah" from the "Marineland" series of images has requested restitution in the amount of $25,000.00. The investigator in this matter reports that the Defendant had one image of this victim in his possession. The victim's total losses are approximately $2,753,421.77. The victim has received notice of approximately 353 orders of restitution and has collected approximately $161,449.32 according to information provided to the case agent. A database maintained by the Department of Justice regarding these matters shows approximately 243 orders of restitution. The awards range from $250.00 to $56,433.00. The bulk of the restitution awards are for either receipt or possession and cover the full range. The average restitution award recorded that database for this victim is approximately $4,264.53.

Counsel for the victim known as "Andy" from the "Sponge B" series of images has requested $25,000.00 in restitution. The investigator in this matter reports that the Defendant had two images of this victim in his possession. The victim's total losses amount to approximately $2,121,963.00. The victim has received notice of approximately 278 orders of restitution but has not collected from many individuals. According to information provided to the case agent, the most common restitution award has been approximately $3,000.00. The database maintained by the Department of Justice shows approximately 247 orders of restitution, ranging from $500.00 to $58,415.00. Again, the majority of these awards are for possession or receipt offenses and such offenses cover the entire range. The average restitution award from that database is approximately $7,192.50.

Counsel for the victim known as "Jessy" from the "Surfer Hair" series of images has requested $5,000.00 in restitution. The investigator in this matter reports that the Defendant had seven images of this victim in his possession. The victim's total losses amount to over $100,000.00. The victim has requested restitution on less than 100 occasions and has collected a total of approximately $14,277.03 according to information provided to the case agent. The database maintained by the Department of Justice shows approximately 10 orders of restitution, seven of them for either receipt or possession of the images. Such awards range from $1,000.00 to $5,000.00. The average restitution award from that database is approximately $2,875.00.

Counsel for the victim known as "Violet" from the "At School" series of images has requested $10,000.00 in restitution. The investigator in this matter reports that the

Defendant had one image of this victim in his possession. The victim's total losses amount to approximately $133,444.04. Counsel for the victim has not provided specific information as to the number of prior orders of restitution but has indicated that they have only collected from a small portion of those orders. The database maintained by the Department of Justice shows approximately 95 orders of restitution, 80 or them for either possession or receipt of the images. The awards for that conduct range from $300.00 to $72,000.00. The average restitution award from that database is approximately $4,632.90.

18 U.S.C. § 3553(a)(7) requires the Court to consider "the need to provide restitution to any victims of the offense." 18 U.S.C. § 2259(a) and (b)(4) makes the entry of an order of restitution mandatory in cases such as this. The Supreme Court has offered guidance into the factors to consider in setting a restitution amount.

> These could include the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

*Paroline* at 460. It is clear that the award should not be a "token or nominal amount." *Id*. at 459. The statute also specifically provides that "the economic circumstances of the defendant" shall not preclude entry of a restitution order. 18 U.S.C. §2259(b)(4)(B).

6

Counsel for each victim claiming restitution has sufficiently laid out the nature of the damages and the causal connection between the offense and the loss to each victim. Consequently, the United States requests that the Court award restitution in the requested amounts based on the information provided to the Court through the Presentence Report and the restitution requests. The Defendant received timely notice of the restitution requests through the timely disclosure of the Presentence Report and the United States is not aware of any objection to the restitution requests.

The undersigned previously suggested that counsel for the Defendant contact counsel for the victims claiming restitution and attempt to reach an agreed-upon amount of restitution. At this time, the undersigned is not aware whether any agreements have been reached. If there is a substantial factual dispute on this point, the United States would not object if the Court schedules a hearing within ninety days to resolve the matter of restitution, pursuant to 18 U.S.C. § 3664(d)(5). This sentencing memorandum is sufficient notice to meet the requirements of 18 U.S.C. § 3664(d)(5).

## V. Conclusion:

A sentence at the low end of the advisory guideline range, 97 months, and a period of ten years of supervised release fairly account for the appropriate sentencing factors. The terms of supervised release should include ongoing treatment, the appropriate restrictions commonly imposed for such offenders, and a search condition. The Court should order restitution in the requested amounts for each of the four victims who have come forward. The Defendant is indigent, so the enhanced special assessment does not apply to him.

        Respectfully submitted,

        ROBERT M. DUNCAN, JR.
        UNITED STATES ATTORNEY

By: s/ Anthony Bracke
   Assistant United States Attorney
   207 Grandview Drive, Suite 400
   Ft. Mitchell, KY 41017
   PHONE: 859-655-3200
   Anthony.Bracke@usdoj.gov

## **CERTIFICATE OF SERVICE**

On August 31, 2018, I filed this document through the ECF program, which sends a copy electronically to counsel for the Defendant.

        s/ Anthony J. Bracke
        Assistant United States Attorney